[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION FOR ALIMONY AND CHILD SUPPORT (#102) AND COUNSEL FEES (#104) PENDENTE LITE
Before the court are the plaintiff's motions for alimony and child support pendente lite and for counsel fees pendente lite.
The plaintiff and the defendant married on August 12, 1986. There are two children, issue of the marriage, now ages 12 and 10. The children now live with the plaintiff.
The plaintiff is 32 years old and in good health. She has a college education. She has never been employed during the marriage and has no earnings. She has, instead, assumed the role of homemaker and primary care giver for the children.
The defendant is 35 years old and is also in good health. The last formal education he completed was high school. Since then, he has had a number of essentially unremarkable jobs, almost all working in some capacity for different family businesses. He is currently a property manager for one of those businesses, but he works less than a full week. The defendant has three sources of income: $262 net per week as a property manager, $658 net per week as certain trust income, and $700 net per week as an allowance or gift from his mother.
Prior to the parties' separation in May, 1998, the plaintiff, defendant and their children lived together in a house on the defendant's mother's estate in Westport. To a great extent, the parties lived off of the mother's munificence and largesse. They paid no rent or utilities. The children's tuition at an exclusive CT Page 10811 private school was paid for by the mother. Also, the substantial extracurricular expenses of the children, practicing and performing gymnastics at a national level, was also paid for by the defendant or the mother. The defendant's personal pleasure was playing polo in this and in other states. Attendant to playing polo, the defendant had considerable expenses for polo horses and their care and maintenance, and membership in an exclusive hunt club. In 1997, the defendant was able to cover these expenses, paid $67,000 in American Express card debt, and gave the plaintiff $1,000 per week in discretionary monies. The family was able to engage in this affluent life style not on the strength of the defendant's earned income, but again, only because of his trust income and principal distributions, and the generosity of the defendant's mother.
The parties separated in May, 1998. They purchased another home in Westport, on the strength of the defendant's credit alone, for over $600,000. The down payment of $136,000 was furnished by the defendant as part of one of his trust distributions. Shortly after the purchase, the plaintiff filed for this dissolution. She and the children have been living in the Westport home. The defendant has been paying the basic shelter expenses, utilities, car loan payments and insurance, medical and health insurance, and expenses for the gymnastics training and competition of the children. The defendant has moved in with his mother on her estate and spends occasional evenings with a friend. He has virtually no basic expenses.
As to attorney's fees for the dissolution, the defendant has paid his attorney approximately $18,000 and the plaintiff has paid her attorney approximately $10,000. The plaintiff is seeking a further allowance.
This court has considered all of the evidence in light of the statutory criteria, including but not limited to C.G.S. §§46b-62 and 83, and enters the following orders pendente lite:
(1) The defendant shall pay to or for the benefit of the plaintiff the mortgage, taxes and insurance for the marital home, reasonable and customary utilities of the home, lawn cutting and snow removal, pool maintenance and shutdown, and reasonable and customary household maintenance and repairs;
(2) The defendant shall also pay to or for the benefit of the plaintiff all payments on the plaintiff's car loan, car insurance, taxes, and CT Page 10812 reasonable and customary maintenance and repairs;
(3) The defendant shall also provide to or for the benefit of the plaintiff and the children, health and medical insurance, and he shall pay all uncovered or unreimbursed medical expenses, and reasonable and necessary counseling for the children, only.
(4) The defendant shall also pay to the plaintiff the sum of $2,500 per month, in semi-monthly payments of $1,250 each, payable on the first and fifteenth of each month, in advance;
(5) The defendant shall also pay to or for the benefit of the plaintiff the sum of $7,500 as an allowance for counsel fees, pendente lite. Said sum shall be payable in three equal installments of $2,500 each, payable on October 1, November 15 and December 31, 1998. Said sums may be satisfied from any bail bond escrow monies available to the defendant.
Pursuant to the agreement of the parties, these orders are retroactive to June 30, 1998. Pursuant to statute, the defendant shall be given full credit for all sums paid by him to the plaintiff from said date. All "in kind" expenses shall be brought current on or before October 15, 1998. Any net cash arrearage shall be paid at the rate of $1,000 per month, in semi-monthly payments of $500, on the first and fifteenth of each month beginning October 1, 1998. In the event that the parties disagree as to the amount of any net cash arrearage, either party may make a motion for order to this court.
So Ordered.
KAVANEWSKY, J.